[Civ. No. 16365.   Second Dist., Div. One.   Aug. 10, 1948.]

ORVILLE H. McCUNE et al., Appellants, v. PACIFIC ELECTRIC RAILWAY CO. et al., Respondents.

William C. Rau and George A. Pickering for Appellants.

C. W. Cornell, O. O. Collins and Malcolm Archbald for Respondents.

DORAN, J.—On February 25, 1945, about 8:30 p.m., Orville H. McCune, accompanied by Mrs. Bernice McCune as the only passenger, attempted to drive a 1940 Chevrolet coupe north across the tracks of the defendant railway company at the intersection of Huntington Drive and Van Horne Avenue, a railroad grade crossing on the outskirts of the city of Los Angeles. The Chevrolet was struck by a two-car train proceeding easterly on Huntington Drive, operated by the defendant G. Reid for the railway company. The weather was clear and the roads were dry. The automobile was hit at its left door while on the first set of four railway tracks south of the center of the right of way; it was forced or carried some 75 feet and completely wrecked. Bernice McCune was instantly killed, and the driver, Mr. McCune, suffered serious injuries.

The present action involves two separate causes of action, namely, an action for personal damages and property damage, brought by Orville H. McCune alone; and an action for the wrongful death of Bernice McCune, brought by Orville H. McCune and three half-brothers of the decedent as heirs at law. The cause was tried before a jury, resulting in a verdict and judgment for defendants in both causes of action, from which judgment plaintiffs now appeal.

There is evidence in the record to the effect that the train was traveling between 15 and 25 miles per hour; that the driver, Orville H. McCune, was familiar with the crossing; that before starting to make the left-hand turn across the tracks McCune stopped, looked west and saw the train approaching some 200 feet from the crossing, after which plaintiff attempted to cross the tracks and the collision occurred as aforesaid. The record also discloses that after seeing the train approaching, McCune "did not again look at the train," and did not again see it until it was about 10 feet away just before the collision. The train was about 50 feet from the crossing, according to the motorman's testimony, when plaintiff started to make the turn across the tracks; the motorman anticipated that plaintiff's automobile would stop until it started to cross the tracks, and then applied the emergency brakes, stopping the train some 78 feet

beyond the point of collision. The motorman testified that at the speed the train was traveling it would take between 125 and 150 feet to stop with an emergency application of the brakes. It further appears that Orville H. McCune was 64 years of age and that Bernice McCune was 45 years old at the time of death. Mr. and Mrs. McCune had been married in 1940; an interlocutory decree of divorce had been granted Mrs. McCune in 1944, but no final decree had ever been entered.

According to the appellants' brief and oral argument, this appeal "is not upon the ground of insufficiency of evidence," and "under the evidence received a verdict either way . . . would have ample support." Notwithstanding the sufficiency of evidence, however, it is appellants' contention that prejudicial errors in the exclusion of evidence, instructions to the jury, etc., require a reversal. The record does not support this contention.

Appellants' argument is predicated on the theory that, in the wrongful death action the defendant motorman Reid "was negligent because of failure to sound proper warning signals, speed, and failure to use the braking power at his command. Defendant company was negligent under the doctrine of *respondeat superior*, and also independently, because of failure to instruct its train operator in proper use of the braking equipment and warning devices, and as to speed." Likewise in the personal injury action it is contended that "The defendants were negligent as stated above. Plaintiff Orville H. McCune made a misjudgment, but he was not negligent."

The first point presented is that "The trial judge erred in excluding evidence of the train operator's sounding, or failure to sound, bell and whistle warnings." Respondents' answer to this contention is the objection made at the trial, namely that such evidence was "wholly immaterial, for the reason that the witness (Orville H. McCune) saw the car approaching." McCune had testified to seeing the approaching train some 200 feet from the crossing. The following quotation from *Rather* v. *City & County of San Francisco*, 81 Cal.App. 2d 625, 635 [184 P.2d 727], is directly applicable: "Appellant points out that no bell was rung or other warning given. His admission that he had seen the oncoming car renders this failure immaterial. In *Starck* v. *Pacific Electric Ry. Co.*, 172 Cal. 277, 282 [156 P. 51, L.R.A. 1916E 58], it is said: 'Where a plaintiff by his own testimony admits that he knew of the approach of the car, the failure of the defendant to sound an alarm has no causal connection with the accident.'" In

this connection it may also be noted that no offer of proof was made in respect to the excluded evidence, and that the record is silent as to what the expected answer would have been. Moreover, as respondents' brief states, the motorman testified, upon plaintiffs' interrogation, that the use of the whistle at the crossing was restricted to emergency cases; that the gong was rung, and when the motorman saw the automobile start across the track the whistle was blown.

Appellants further contend that "The trial judge's refusal to allow counsel for plaintiff to question defendant operator in a recognized and usual examination manner prejudiced all the plaintiffs in both actions." The complaint here is that the trial judge "refused to let plaintiffs' counsel bring out admissions against interest made by the defendant operator under oath at the Coroner's Inquest and in his deposition. . . . Counsel for plaintiffs was compelled to take the stand and read the prior recorded admissions." Appellants' brief is no more specific than the above in discussing the alleged error.

It appears that, by stipulation, appellants were accorded the right to read to the jury the motorman's deposition "or any part thereof," and that certain parts were read. There was also full cross-examination of the motorman by plaintiffs' attorney under Code of Civil Procedure, section 2055, and various questions were propounded by jurors. Plaintiffs' counsel stated to the court that "I had no intention of asking him for his present recollection, if he testified this way. I am going to ask him whether his recollection was as testified in the deposition," to which the trial court replied, "That is a highly improper question." In *White* v. *White*, 82 Cal. 427, 450 [23 P. 276, 7 L.R.A. 799] it was held objectionable cross-examination to read parts of a deposition to a witness and to then inquire "if that was correct," or "Is that what you said then?," or "Is that true?," although any admissions appearing in the deposition might have been offered as such. In view of the state of the evidence, and since plaintiffs had full use of the deposition herein, the record presents no prejudicial error.

It is argued that "The trial judge prejudiced plaintiffs in both actions by its general scheme of instructions," the gist of this complaint being that "the trial judge, after advising the jury to consider each cause separately, failed to follow his own advice, and proceeded to thoroughly mix and confuse the issues." Other than by general reference to the

last clear chance doctrine, contributory negligence, and burden of proof, appellants' brief fails to precisely point out the alleged vice in the instructions. Nor does the record disclose any prejudicial confusion in the instructions given, when considered as an entirety.

As admitted in appellants' brief, the court had explained to the jury the difference between the two causes of action, the jury was also told that Mrs. McCune was not negligent; that negligence of Mr. McCune could not be imputed to the other plaintiffs in the death action, and that the latter could recover for Mrs. McCune's death notwithstanding negligence on the part of the driver, Mr. McCune. Burden of proof, degree of proof, and proximate cause, were likewise fully discussed, and correctly treated. In reference to the instructions given, it is interesting to note that many of those given by the court had been requested by the appellants, including instructions on last clear chance. In some cases the instructions given were more favorable than those requested.

Appellants' final complaint is that "The trial court erred in presenting certain interrogatories to the jury," requiring an apportionment of any verdict rendered in the unlawful death case. However, as pointed out in respondents' brief, since the verdict was for the defendants, any error in this respect must be deemed immaterial, for the jury found that none of the plaintiffs were entitled to recover any amount. And as appellants' brief admits, there is substantial evidence in the record to support such verdict.

The judgment is affirmed.

York, P. J., and White, J., concurred.